UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PRANEE PARKEENVINCHA, An Individual, Plaintiff,

MEMORANDUM ENDORSED

-v-

THE BANK OF NEW YORK MELLON, as Withholding Agent,

COMPUTERSHARE TRUST COMPANY OF CANADA, as Indenture Co-Trustee,

and HAVENTREE BANK, as Servicing Nominee, Defendants.

Case No. 1:26-cv-03457-JPC-GWG

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND REALIGN
THE CAPTION PURSUANT TO FED. R. CIV. P. 15(a)(2) AND RULE 17(a)(3)**

---

Plaintiff Pranee Parkeenvincha, appearing pro se, respectfully moves this Court for an order granting leave to file a First Amended Complaint. This Motion is brought to formally realign the case caption, substituting the individual obligor as the sole named Plaintiff in place of the Pranee Parkeenvincha MRP TRUST, thereby clarifying the administrative and procedural capacity of the parties.

In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION AND PROCEDURAL CONTEXT

This cross-border action involves a consumer contract dispute and federal accounting reconciliation tied to a securitized real property obligation.

The initial complaint in this matter was captioned under a trust framework. On June 9, 2026, this Court issued an order concerning the pro se representation limitations of artificial trust entities pursuant to *Lattanzio v. COMTA*.

In direct and immediate response to the Court's guidance, Plaintiff brings this motion to clarify that the action is maintained strictly in her individual capacity as a self-represented litigant under 28 U.S.C. § 1654.

This amendment operationally realigns the caption to remove any representative capacity issues, ensuring that the true real party in interest is properly identified on the judicial dockets.

## II. ARGUMENT

### A. Leave to Amend Should Be Freely Given Under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) dictates that a party may amend its pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires."

The Second Circuit has consistently affirmed that leave to amend should be granted absent narrow exceptions such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

This motion is filed during the early pretrial phases of the litigation and introduces no new causes of action. The underlying substantive claims—concerning the transactional clearance of the debt instrument under federal depository guidelines and the statutory standing of the indenture trustee's servicing nominees—remain identical. Consequently, the defendants suffer zero regulatory or procedural prejudice.

Furthermore, this realignment directly preserves the structural validity of the pending Emergency Injunction and Stay of Enforcement (Dkt. 12), which was filed to freeze the parallel Canadian foreclosure file (Court File No. 2603 01927). This emergency application was formally referred to Magistrate Judge Gabriel W. Gorenstein by District Judge John P. Cronan on June 5, 2026. Explicitly curing the capacity framework at this juncture guarantees that the active request for emergency injunctive relief is protected against bad-faith procedural challenges regarding trust standing, ensuring the controversy is heard directly on its merits.

### B. Realignment Is Mandated Under Rule 17(a)(3) to Cure Capacity Defects

Federal Rule of Civil Procedure 17(a)(1) mandates that "[a]n action must be prosecuted in the name of the real party in interest."

Crucially, Rule 17(a)(3) strictly prohibits dismissal on the basis of a failure to prosecute in the name of the real party in interest until a reasonable time has been allowed for the proper party to object, ratify, join, or substitute into the action. The rule explicitly mandates that after such substitution, "the action proceeds as if it had been originally commenced by the real party in interest."

As the individual consumer, signer, and sole executing obligor of the underlying mortgage note contract, Plaintiff retains the primary legal and equitable interest in the subject matter of this dispute. Because her legal and equitable estates completely merge, she stands as the definitive real party in interest entitled to maintain this action under 28 U.S.C. § 1654.

### C. The Compelling Relevance of the Melanie Clarke Precedent

The procedural realignment sought herein aligns precisely with identical controlling adjustments recently ordered within this District.

In *Melanie Clarke v. Deutsche Bank Trust Company Americas, et al.*, No. 1:26-cv-01904-JPC (S.D.N.Y. June 17, 2026) (Doc. 45), this Court confronted the exact corporate pro se bar defense raised under *Lattanzio v. COMTA*.

The motion for leave to amend is denied for failure to attach a copy of the proposed amended complaint as required by Local Civil Rule 15.1(a).  That being said, the Court notes that Rule 15(a)(1) of the Federal Rules of Civil Procedure entitles plaintiff to file an amended complaint once as a matter of course.  Under that rule, an amended complaint may be filed now if plaintiff has not yet served the original complaint, or, if it has been served, 21 days has not elapsed since such service.  The Court also notes that the documents filed by plaintiff as Docket ## 7 and 8, and docketed as "Acknowledgement of Service," do not in fact demonstrate proper service of the original complaint.

The plaintiff is reminded that if plaintiff chooses to file an amended complaint, the amended complaint  will completely supersede the original complaint and thus plaintiff must include all relevant allegations in any amended complaint.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 29, 2026